UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

SCOTT MOREHOUSE,

                                        Plaintiff,

                                                                9:08-CV-0946
v.                                                              (LEK/GHL)

GEORGE ALEXANDER, Chairman, N.Y.S. Div. of Parole;
W. WILLIAM SMITH, Comm'r, N.Y.S. Div. of Parole;
WILLIAM R. CROWE, Comm'r, N.Y.S. Div. of Parole; and
N.Y.S. DIV. OF PAROLE,

                                        Defendants.
_____

APPEARANCES:                                            OF COUNSEL:

SCOTT MOREHOUSE, 04-A-3797
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 12953

GEORGE H. LOWE, United States Magistrate Judge

## **ORDER and REPORT-RECOMMENDATION**

        This *pro se* prisoner civil rights action, commenced by Scott Morehouse ("Plaintiff")

pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Lawrence E. Kahn,

Senior United States District Judge, to hear and determine all pretrial matters (of a non-

dispositive nature) and issue report-recommendations on all dispositive matters before the Court,

pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Currently before the Court is Plaintiff's

motion for leave to proceed *in forma pauperis*.  (Dkt. No. 2.)  For the reasons discussed below, I

grant Plaintiff's motion for leave to proceed *in forma pauperis*.  In addition, I recommend that the

Court issue an Order *sua sponte* dismissing his Complaint (pursuant to 28 U.S.C. §§

1915[e][2][B][ii], 1915A, and Fed. R. Civ. P. 12[h][3]) for failure to states a claim upon which relief might be granted and lack of subject-matter jurisdiction.

## I.    SUMMARY OF PLAINTIFF'S COMPLAINT

Construed with the extra leniency normally afforded to pleadings drafted by *pro se* civil rights litigants, Plaintiff's Complaint alleges as follows:

1.     On June 19, 2007, Plaintiff appeared for a hearing before the New York State Division of Parole for a "re-release consideration";[1]

2.     Present at the hearing were Chairman George Alexander, Commissioner W. William Smith, and Commissioner William R. Crowe on behalf of the New York State Division of Parole (together "Defendants");[2]

3.     During the hearing, Defendant Smith conducted all questioning of Plaintiff, and did so in a manner that was "very hostile, argumentative, provo[cative], arbitrary and capricious" toward Plaintiff;[3]

4.     Despite Defendant Smith's attempts to "enrage" Plaintiff, Plaintiff "remained calm, cool and collect[ed]," attempting to "answer[] all questions as best [he could];[4]

5.     However, Defendant Smith "cut off" Plaintiff's answers and did "not allow[]"

---

[1]       (Dkt. No. 1, ¶ 6 [Plf.'s Compl.].)  The New York State Department of Correctional Services' ("DOCS") Inmate Locator Service indicates that Plaintiff was returned from parole to the custody of DOCS on August 11, 2006.  *See* http://nysdocslookup.docs.state.ny.us [last visited Sept. 23, 2008].

[2]       (Dkt. No. 1, ¶¶ 3, 6 [Plf.'s Compl.].)

[3]       (*Id*. at ¶ 6.)

[4]       (*Id*.)

Plaintiff to answer;[5]

6.      At the conclusion of the hearing, Defendants denied Plaintiff's request for release

on parole;[6]

7.      On December 3, 2007, Plaintiff commenced an administrative appeal (from the

parole hearing decision) to the Defendant Division of Parole's Appeals Unit;[7]

8.      Approximately three months later, Plaintiff sent a letter to the Defendant Division

of Parole enquiring about the status of his appeal;[8]

9.      The Defendant Division of Parole responded to Plaintiff by letter, stating that,

pursuant to 9 N.Y.C.R.R. § 8006.4(c), they have four months to decide his appeal;[9]

10.     However, subsequently, the Defendant Division of Parole never issued a decision

regarding his appeal;[10]

11.     As a result, on approximately June 5, 2008, Plaintiff filed an Article 78

proceeding in New York State Supreme Court, Albany County, under the name of *Morehouse v.*

*Alexander*, Index Number 005056/2008;[11]

12.     On August 21, 2008, in litigating that Article 78 proceeding, Defendants

---

[5]      (*Id.*)

[6]      (*Id.*)

[7]      (*Id.* at ¶¶ 6-7.)

[8]      (*Id.*)

[9]      (*Id.* at ¶ 7.)

[10]     (*Id.* at ¶¶ 6-7.)

[11]     (*Id.* at ¶ 7.)

"acknowledged (in part) wrongdoing and requested a *de novo* [parole] hearing";[12]

13.     However, Plaintiff denied that request "due to [Defendants'] not accepting ful[l] responsibility [for] all [of their] wrongs;"[13]

14.     As a result, Plaintiff's Article 78 proceeding is still pending;[14] and

15.     In these ways, Defendants violated Plaintiff's rights under the First, Fifth, Eighth and Fourteenth Amendments.[15]

As relief for his injuries, Plaintiff seeks (1) two hundred fifty thousand dollars in damages, and (2) his immediate release from custody to parole supervision.[16]

## II.     DISCUSSION

### A.     Motion to Proceed *In Forma Pauperis*

Out of special solicitude to Plaintiff, I will excuse the fact that he has neglected to provide the officer certification contained at the end of his form motion to proceed *in forma pauperis*.  (Dkt. No. 2, at 2.)  After reviewing Plaintiff's motion papers (Dkt. Nos. 2-3), I find that he has shown cause for the granting of his motion to proceed *in forma pauperis*.  For these reasons, I grant Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2).[17]

---

[12]     (*Id*. at ¶ 7.)

[13]     (*Id*.)

[14]     (*Id*.)

[15]     (*Id*. at ¶¶ 6-7.)

[16]     (*Id*. at ¶ 9.)

[17]     Plaintiff is advised that, although his motion to proceed *in forma pauperis* has been granted, he will still be required to pay any fees that he may incur in this action, including copying and/or witness fees.

### B.     Fatal Flaws in Plaintiff's Complaint

Although Defendants have not yet appeared and moved for the dismissal of Plaintiff's Complaint, the Court is able to (and indeed has a duty to) *sua sponte* address the pleading sufficiency of Plaintiff's *pro se* prisoner civil rights Complaint at this point in time. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) ("[T]he court shall dismiss [a] case [brought by a prisoner proceeding *in forma pauperis*] at any time if the court determines that . . . the action . . . is frivolous or malicious[,] . . . fails to state a claim on which relief may be granted[,] . . . or . . . seeks monetary relief against a defendant who is immune from such relief"); 28 U.S.C. § 1915A(b) ("On review, the court shall . . . dismiss the [prisoner's] complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ."); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

### 1.     Absolute Immunity

"The Second Circuit [has] . . . held that Parole Board officials are entitled to absolute immunity from liability for damages under § 1983 for their decisions to grant, deny, or revoke parole." *Barna v. Travis*, 97-CV-1146, 1999 U.S. Dist. LEXIS 22448, at *7-8 (N.D.N.Y. Apr. 22, 1999) (Smith, M.J.) [citation omitted], *adopted in pertinent part by*, 1999 U.S. Dist. LEXIS 22449, at *9-10 (N.D.N.Y. Aug. 24, 1999) (Scullin, J.) [citation omitted], *aff'd*, 239 F.3d 169 (2d Cir. 2001) [citation omitted].  The reason that parole board officials are provided absolute immunity when performing judicial functions is to foster and ensure preservation of the impartiality of decision making, and to save such officials the time and expense of defending numerous baseless suits from disappointed inmates. *Montero v. Travis*, 171 F.3d 757, 760-61

(2d Cir. 1999).  In order to enjoy such absolute immunity, parole officials must have been

engaged in the performance of an adjudicative function when taking the action under challenge.

*Montero*, 171 F.3d at 760.

Here, I find that Plaintiff has alleged that Defendants were engaged in the performance of

an adjudicative function when taking the action under challenge.  (Dkt. No. 1, ¶¶ 6-7 [Plf.'s

Compl.].)  As this Court recently found with regard to a similar complaint by another prisoner,

> Plaintiff's allegations against the various BOP Commissioners in this
> instance represent nothing more than poorly disguised claims that[,] in
> performing their official functions, they deprived him of his
> constitutional rights.  As such, they are precisely the type of claims to
> which the absolute immunity steadfastly recognized by the courts is
> applicable. . . .  I therefore recommend dismissal of all damage claims
> against the Parole Board defendants on the independent basis of
> absolute immunity, based upon their function carried out while
> engaged in the conduct forming the basis for plaintiff's claims.

*Farid v. Bouey*, 554 F. Supp.2d 301, 317 (N.D.N.Y. 2008) (Sharpe, J., adopting Report-

Recommendation by Peebles, M.J.).

Absolute immunity bars not only Plaintiff's § 1983 claim for damages but also his claim

for injunctive relief.  *Barna*, 1999 U.S. Dist. LEXIS 22449, at *9 [citation omitted].  In 1996

Congress adopted the Federal Courts Improvement Act of 1996.  Section 309(c) of that Act

amended 42 U.S.C. § 1983 to add the provision "that in any action brought against a judicial

officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not

be granted unless a declaratory decree was violated or declaratory relief was unavailable . . . ."

Federal Courts Improvement Act of 1976, § 309(c), Pub.L. No. 104-317, 110 Stat. 3847, 3853

(1996); *see also LeDuc v. Tilley*, 05-CV-0157, 2005 WL 1475334, at *7 (D. Conn. June 22,

2005).

Although the provision of section 1983, as amended, implicated by Plaintiff's Complaint makes reference only to judicial officers, for much the same reason that parole board members are ordinarily entitled to absolute immunity based upon the quasi-adjudicatory function which they perform, so too are they entitled to the benefit of this provision precluding the issuance of injunctive relief in most circumstances. *See Farid*, 554 F. Supp.2d at 318; *Montero*, 171 F.3d at 761. Here, because Plaintiff has not alleged facts plausibly suggesting either a violation of a federal decree nor the unavailability of declaratory relief, his claim for injunctive relief in this action is therefore barred under 42 U.S.C. § 1983. *See id*.

For these reasons, I recommend that the Court dismiss all of Plaintiff's claims against Defendants based on the absolute immunity that they enjoy from suits, under 42 U.S.C. § 1983, for either damages or injunctive relief, arising from their decisions to grant, deny, or revoke parole.

### 2.    Sovereign Immunity

The Eleventh Amendment has long been construed as barring a citizen from bringing a suit against his or her own state in federal court, under the fundamental principle of "sovereign immunity." *See* U.S. Const. amend XI ("The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."); *Hans v. Louisiana*, 134 U.S. 1, 10-21 (1890); *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 267 (1997); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). State immunity extends not only to the states, but to state agencies and to state officers who act on behalf of the state. *See Puerto Rico Aqueduct & Sewer Auth. v. Metcalf*, 506 U.S. 139, 142-47

7

(1993); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 101-06 (1984).  Furthermore,

the Eleventh Amendment also bars a suit (including an action pursuant to 42 U.S.C. § 1983)

against a state official acting in his official capacity.[18]  Finally, where it has been successfully

demonstrated that a defendant is entitled to sovereign immunity under the Eleventh Amendment,

the federal court lacks subject matter jurisdiction over the case, and "the case must be stricken

from the docket."  *McGinty v. State of New York*, 251 F.3d 84, 100 (2d Cir. 2001) [citation

omitted]; *see also* Fed. R. Civ. P. 12(h)(3).

Here, Plaintiff's Complaint is ambiguous on the issue of whether the three individual

Defendants are sued in their personal or official capacities, or both.  (*See generally* Dkt. No. 1

[Plf.'s Compl.].)  To the extent that Plaintiff asserts claims against the three individual

Defendants for money damages in their official capacities, I find that those claims are barred by

the Eleventh Amendment.  *See Farid*, 554 F. Supp.2d at 318-19 [citations omitted].  In addition,

---

[18]     *See Ying Jing Gan v. City of New York,* 996 F.2d 522, 529 (2d Cir. 1993) ("The
immunity to which a state's official may be entitled in a § 1983 action depends initially on the
capacity in which he is sued.  To the extent that a state official is sued for damages in his official
capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke
the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439,
1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under
Section 1983] for money damages against state officials in their official capacities."); *Farid v.
Smith*, 850 F.2d 917, 921 (2d Cir. 1988) ("The eleventh amendment bars recovery against an
employee who is sued in his official capacity, but does not protect him from personal liability if
he is sued in his 'individual' or 'personal' capacity."); *see also Will v. Michigan Dept. of State
Police*, 491 U.S. 58, 71 (1989) ("Obviously, state officials literally are persons.  But a suit against
a state official in his or her official capacity is not a suit against the official but rather is a suit
against the official's office. . . .  As such, it is no different from a suit against the State itself. . . .
We hold that neither a State nor its officials acting in their official capacities are 'persons' under §
1983."); *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("As long as the government entity
receives notice and an opportunity to respond, an official-capacity suit is, in all respects other
than name, to be treated as a suit against the entity.  It is not a suit against the official personally,
for the real party in interest is the entity."); *see also Holloway v. Selsky*, 05-CV-0501, 2007 WL
433375, at *4 (N.D.N.Y. Feb. 6, 2007) (Sharpe, J.) [citing cases].

I find that Plaintiff's claim for money damages against the Defendant Division of Parole–which is merely an agency of the State of New York–is also barred by the Eleventh Amendment.

For these reasons, in the alternative, I recommend that the Court dismiss (1) Plaintiff's claims against the three individual Defendants for money damages in their official capacities based on the Eleventh Amendment, and (2) his claims against the Defendant Division of Parole for money damages based on the Eleventh Amendment.

### 3.    Lack of Protected Liberty Interest

To successfully state a claim under 42 U.S.C. § 1983 for denial of due process, a plaintiff must allege facts plausibly suggesting that he or she (1) possessed an actual liberty interest, and (2) was deprived of that interest without being afforded sufficient process. *See Tellier v. Fields*, 280 F.3d 69, 79-80 (2d Cir. 2000) [citations omitted]; *Hynes v. Squillace*, 143 F.3d 653, 658 (2d Cir.1998); *Bedoya v. Coughlin*, 91 F.3d 349, 351-52 (2d Cir.1996).  "[T]he first inquiry in the analysis of an alleged due process violation is whether there exists a protected liberty interest" that is at stake in the case. *Barna*, 1999 WL 305515, at *1 [citation omitted].

More specifically, in a case such as this, the issue is whether the plaintiff enjoys a protected liberty interest under New York's statutory parole scheme.  While the presence or absence of language in a state's parole provisions mandating release was once regarded as dispositive of this issue, the Supreme Court has more recently held that the focus of the inquiry should be on the nature of the interest allegedly created by the state. *Sandin v. Conner*, 515 U.S. 472, 479-83 (1995).

An analysis of Plaintiff's due process claim (at least for purposes of this Report-Recommendation) therefore hinges on whether New York State's parole regime confers on him a

9

legitimate expectation in release on parole prior to the expiration of his sentence. Careful review

of New York State's parole scheme reveals no basis to find the existence of such a protected

liberty interest in being released on parole.[19] N.Y. Executive Law § 259-i(2)(c), the statute that

governs the parole process, affords broad discretion to the BOP in determining whether to grant

or deny an inmate's application for early release.[20] For this reason, the Second Circuit has

repeatedly recognized that the New York State parole process creates no legitimate expectation

of release mandating that an inmate seeking release be afforded the full panoply of procedural

due process protection. *Barna*, 239 F.3d at 171.[21] As the Second Circuit has succinctly noted,

"[n]either the mere possibility of release . . . nor a statistical probability of release . . . gives rise

---

[19]     *Farid*, 554 F. Supp.2d at 320-21; *Barna*, 1999 WL 305515, at *2; *see also Larocco v. N.Y.S. Div. of Parole*, 05-CV-1602, 2006 WL 1313341, at *2 (N.D.N.Y. May 12, 2006) (McAvoy, J.).

[20]     *See* N.Y. Executive Law § 259-i(2)(c) ("Discretionary release on parole shall not be granted merely as a reward for good conduct or efficient performance of duties while confined but after considering if there is a reasonable probability that, if such inmate is released, *he will live and remain at liberty without violating the law*, and that his release is not incompatible with the welfare of society and will not so deprecate the seriousness of his crime as to undermine respect for law.") [emphasis added].

[21]     *See also Davis v. Dennison*, No. 06-2723, 2007 WL 678331, at *1 (2d Cir. March 2, 2007) (summary order, cited for "persuasive value" in accordance with the *Advisory Committee Notes* to Fed. R. App. P. 32.1[a], and cited to "acknowledge[] the continued precedential effect" of *Barna v. Travis*, 239 F.3d 161 [2d Cir. 2001] in accordance with Second Circuit Local Rule § 0.23 as applied by the Second Circuit in *Khan v. Ashcroft*, 352 F.3d 521, 525 [2d Cir. 2003]) ("New York State's parole scheme does not create a liberty interest protected by the Due Process Clause. *See Barna v. Travis*, 239 F.3d 161, 171 (2d Cir. 2001)."); *Marvin v. Goord*, 255 F.3d 40, 44 (2d Cir. 2001) ("[T]he New York State parole scheme does not create a protectable liberty interest [under the Due Process Clause of the Fourteenth Amendment]."); *Boothe v. Hammock*, 605 F.2d 661, 664 (2d Cir. 1979) ("It is apparent that New York's parole provisions . . . do not establish a scheme whereby parole shall be ordered unless specific conditions are found to exist. . . . While guidelines are used to structure the exercise of discretion . . . no entitlement to release is created.").

to a legitimate expectancy of release on parole" sufficient to support a due process claim. *Barna*,

239 F.3d at 170-71 [citations omitted]. As a result, alleged violations of procedural requirements

of the New York State parole scheme "are matters for consideration by the state courts." *Boothe*

*v. Hammock*, 605 F.2d 661, 665 (2d Cir. 1979), *accord*, *Borcsok v. Pataki*, 05-CV-1542, 2006

WL 839545, at *2, n.1 (N.D.N.Y. March 29, 2006) (Sharpe, J.).[22]

This is not to say that a prison inmate may constitutionally be denied parole for purely

arbitrary or otherwise impermissible reasons. *Boddie v. N.Y.S. Div. of Parole*, 288 F. Supp.2d

431, 440 (S.D.N.Y. 2003). To the contrary, courts have recognized a limited due process right of

New York State inmates not to be denied parole for reasons that are arbitrary or capricious, or

based on a protected classification or irrational distinction. *See Farid*, 554 F. Supp.2d at 321

[citations omitted]; *Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *9 (N.D.N.Y.

Aug. 21, 2007) (Sharpe, J., adopting Report-Recommendation of Lowe, M.J.) [collecting cases].

Here, however, while Plaintiff alleges (conclusorily) that Defendants' denial of his request

for release on parole was "arbitrary and capricious," he alleges no facts plausibly suggesting that

the denial was for reasons that were, in fact, arbitrary or capricious (or based on a protected

classification or irrational distinction). (*See generally* Dkt. No. 1 [Plf.'s Compl.].) For example,

he alleges no facts plausibly suggesting that Defendants denied his request for release on parole

because of his color, race, gender, religion, national origin or disability. (*Id.*) Nor does he allege

facts plausibly suggesting that Defendants denied his request for release on parole for reasons

---

[22]    I note that, here, a New York State Supreme Court is currently considering
Plaintiff's claims, in an Article 78 proceeding. *See Morehouse v. Alexander*, Index Number
005056/2008 (N.Y.S. Sup. Ct., Albany County).

that were whimsical, unpredictable or lacking in all rationality.[23]   (*Id*.)

To the contrary, according to Plaintiff's own allegations, he was in prison during the time in question because he had previously violated the terms of his parole.  (*Id*. at ¶ 6 [alleging that he was appearing for a hearing before the New York State Division of Parole on June 19, 2007, for a "re-release consideration"].)  A prisoner's inability to "adjust[] to any previous probation or parole supervision" is a legitimate factor that may–and indeed must–be considered by the Parole Board when deciding whether or not to release a prisoner.[24]  Moreover, the Parole Board could find that this factor outweighs the other relevant factors, thus providing a rational basis, under N.Y. Executive Law § 259-i(2)(c), for the decision to deny a prisoner parole.[25]

_____

[23]     *See*, *e.g.*, *Graziano v. Pataki*, 06-CV-0480, 2006 WL 2023082, at *6-8 (S.D.N.Y. July 17, 2006) (finding that plaintiffs' due process allegations stated a claim under Rule 12[b][6] because plaintiffs had alleged facts indicating the existence of a system-wide "policy" to make parole decisions for a certain class of offenders not on a case-by-case basis but on a basis that was "arbitrary" or "capricious" and thus in excess of the Parole Board's discretionary authority); *Paz v. Warden Fed. Corr. Inst., Englewood*, 787 F.2d 469, 473 (10th Cir. 1986) (affirming district court decision holding that determination of United States Parole Commission was arbitrary and capricious because it was based on an effort to require the petitioner to confess to a crime of rape that he was never charged with, must less convicted of).

[24]     *See* N.Y. Executive Law § 259-i(2)(c) ("Notwithstanding the provisions of this section, in making the parole release decision for persons whose minimum period of imprisonment was not fixed pursuant to the provisions of subdivision one of this section, in addition to the factors listed in this paragraph the board shall consider the factors listed in paragraph (a) of subdivision one of this section."); N.Y. Executive Law § 259-i(2)(a) ("Such guidelines shall include (i) the seriousness of the offense with due consideration to the type of sentence, length of sentence and recommendations of the sentencing court, the district attorney, the attorney for the inmate, the pre-sentence and aggravating factors, and activities following arrest and prior to confinement; and (ii) prior criminal record, including the nature and pattern of offenses, *adjustment to any previous probation or parole supervision* and institutional confinement.") [emphasis added].

[25]     *See*, *supra*, notes 20 and 24 of this Order and Report-Recommendation; *see also Mitchell v. Conway*, 04-CV-1088, 2006 WL 508086, at *4 (E.D.N.Y. March 1, 2006) ("The parole board may in its discretion find that any one of these factors . . . outweighs the other

Moreover, to the extent that Plaintiff's procedural due process claim is based upon the Defendant Division of Parole's failure to render a decision on his administrative appeal within three months of the perfection of that administrative appeal, he has similarly failed to state a claim.

For the sake of brevity, I assume that Plaintiff has alleged facts plausibly suggesting that he perfected his appeal within the statutorily allotted time period.  I make this assumption with some hesitation because Plaintiff alleges that his parole hearing decision was rendered on June 19, 2007.  From that date, the Parole Board had fourteen days–or until July 3, 2007–by which to issue him a written statement of the reasons of its decision.[26]  Assuming that Plaintiff received the written statement on July 3, 2007, then he had thirty days–or until August 2, 2007–by which

---

factors in a particular case and is grounds to deny parole."); *Cartagena v. Connelly*, 06-CV-2047, 2006 WL 2627567, at *9 (S.D.N.Y. Sept. 14, 2006) ("[I]t is well established that[,] as long as the Parole Board considers the statutory factors, it has discretion to accord these considerations whatever weight it deems appropriate, and need not expressly discuss each of the reasons in its determination.") [citation omitted]; *Anthony v. N.Y.S. Div. of Parole*, 06-CV-0180, 2006 WL 3859215, at *9 (E.D.N.Y. Jan. 4, 2006) ("Courts in this circuit have routinely rejected . . . [arguments] that parole denials were arbitrary because they allowed the nature of the underlying criminal offenses to outweigh petitioners' positive institutional records.") [collecting cases]; *Davis v. Thomas*, 256 F. Supp.2d 190, 192 (S.D.N.Y. 2003) ("The Parole Board has discretion to accord these considerations whatever weight it deems appropriate, and need not expressly discuss each of the reasons in its determination.") [citations omitted]; *Boddie v. N.Y.S. Div. of Parole*, 285 F. Supp.2d 421, 428-29 (S.D.N.Y. 2003) (permissible for Parole Board to find that one factor outweighed other factors); *cf. Farid*, 554 F. Supp.2d at 321 ("New York law directs the BOP to consider certain specified factors, among them being the underlying offense, but does not specify the weight to be attached to each factor.") [citations omitted].

[26]      *See* N.Y. Executive Law § 259-i(2)(a) ("If parole is not granted upon such review, the inmate shall be informed in writing within two weeks of such appearance of the factors and reasons for such denial of parole.").

to file a notice of administrative appeal from that decision.[27]   Assuming that he filed his notice of

appeal on August 2, 2007, then he had one hundred twenty days–or until November 30, 2007–by

which to perfect his appeal.[28]   However, Plaintiff alleges facts plausibly suggesting that the

earliest date on which he "perfected" his appeal was December 3, 2007.  If he failed to exhaust

his available state remedies regarding the parole decision, he would be precluded from availing

himself of judicial review of that parole decision.[29]

In any event, even assuming that Plaintiff's perfection of his appeal on December 3, 2007,

was timely, the Appeals Unit had one hundred twenty days–or until April 1, 2008–to decide that

appeal.[30]   In the event that the Appeals Unit failed to do so, as alleged, that failure would *not*

render either the Appeals Unit's conduct or the underlying hearing decision procedurally

---

[27]      *See* 9 N.Y.C.R.R. § 8006.1(b) ("The appeal process is initiated by the filing of a notice of appeal within 30 days of the date that the inmate/violator or his attorney receives written notice of the final decision from which the appeal is taken.  The failure to file a notice of appeal within the aforementioned time limit shall constitute a waiver of the right of appeal by the inmate/violator.").

[28]      *See* 9 N.Y.C.R.R. § 8006.2(a) ("The appeal shall be perfected within four months of the date of filing of the notice of appeal, unless an extension is granted by the appeals unit for good cause shown.  A request for an extension must be in writing, to the appeals unit, and must be received prior to the final date assigned for the perfection of the appeal."); 9 N.Y.C.R.R. § 8006.2(f) ("If, after the expiration of four months or any period of extension that may have been granted, the appeal is not perfected, it will automatically be dismissed with prejudice.").

[29]      *See New York ex rel. Woods v. McGreevy*, 594 N.Y.S.2d 906, 907 (N.Y.S. App. Div., 3d Dept., 1993) ("Judicial review of alleged errors in the parole revocation process is precluded prior to the exhaustion of [administrative] remedies . . . .").

[30]      *See* 9 N.Y.C.R.R. § 8006.4(c) ("Should the appeals unit fail to issue its findings and recommendation within four months of the date that the perfected appeal was received, the appellant may deem this administrative remedy to have been exhausted, and thereupon seek judicial review of the underlying determination from which the appeal was taken.  In that circumstance, the division will not raise the doctrine of exhaustion of administrative remedy as a defense to such litigation.").

defective for purposes of either the Fifth Amendment or the Fourteenth Amendment.[31]  This is because 42 U.S.C. § 1983 provides, in pertinent part, "Every person who . . .subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by *the Constitution and laws*, shall be liable to the party injured . . . ."  42 U.S.C. § 1983 [emphasis added].  The term "the Constitution and laws" refers to the United States Constitution and *federal* laws.[32]  A violation of a state law or regulation, *in and of itself*, does not give rise to liability under 42 U.S.C. § 1983.[33]

---

[31]     *New York ex rel. Sanchez v. Herbert*, 769 N.Y.S.2d 421, 421 (N.Y.S. App. Div., 4th Dept. 2003) ("Contrary to the contention of petitioner, the failure of the appeals unit of the Board of Parole to act on his administrative appeal within four months did not deny petitioner his due process right to an administrative appeal . . . .") [citation omitted]; *Lord v. N.Y. State Exec. Dept. Bd./Div. of Parole*, 695 N.Y.S.2d 461, 462 (N.Y.S. App. Div., 4th Dept., 1999) ("We disagree with petitioner that the failure of the appeals unit of the Board of Parole to decide his administrative appeal within four months rendered the decision of the appeals unit constitutionally defective."), *leave to appeal denied*, 700 N.Y.S.2d 427 (N.Y. 1999).

[32]     *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970) ("The terms of § 1983 make plain two elements that are necessary for recovery.  First, the plaintiff must prove that the defendant has deprived him of a right secured by the 'Constitution and laws' *of the United States*.") (emphasis added); *Patterson v. Coughlin*, 761 F.2d 886, 890 (2d Cir. 1985) ("Recovery under 42 U.S.C. § 1983 . . . is premised upon a showing, first, that the defendant has denied the plaintiff a constitutional or *federal* statutory right. . . .") (citation omitted; emphasis added); *Fluent v. Salamanca Indian Lease Auth.*, 847 F. Supp. 1046, 1056 (W.D.N.Y. 1994) ("The initial inquiry in a § 1983 action is whether the Plaintiff has been deprived of a right 'secured by the Constitution and laws' *of the United States*.") [emphasis added].

[33]     *See Doe v. Conn. Dept. of Child & Youth Servs.*, 911 F.2d 868, 869 (2d Cir. 1990) ("[A] violation of state law neither gives [plaintiff] a § 1983 claim nor deprives defendants of the defense of qualified immunity to a proper § 1983 claim."); *Patterson*, 761 F.2d at 891 ("[A] state employee's failure to conform to state law does not in itself violate the Constitution and is not alone actionable under § 1983 . . . .") [citation omitted]; *Murray v. Michael*, 03-CV-1434, 2005 WL 2204985, at *10 (N.D.N.Y. Sept. 7, 2005) (DiBianco, M.J.) ("[A]ny violations of state regulations governing the procedures for disciplinary hearings . . . do not rise to the level of constitutional violations.") (citation omitted); *Rivera v. Wohlrab*, 232 F. Supp.2d 117, 123 (S.D.N.Y. 2002) ("[V]iolations of state law procedural requirements do not alone constitute a deprivation of due process since '[f]ederal constitutional standards rather than state law define

Rather, in the case of a failure by the Appeals Unit to decide Plaintiff's appeal within four months, Plaintiff could only deem his administrative remedy to have been exhausted, and thereupon seek judicial review of the underlying determination through an Article 78 proceeding in New York State Supreme Court.[34]

For these reasons, in the alternative, I recommend that the Court dismiss Plaintiff's procedural due process claims for failure to allege facts plausibly suggesting that he enjoyed a protected liberty interest under New York's statutory parole scheme.

### 4.   Frivolous Other Claims

By citing the First and Eighth Amendments, Plaintiff raises the specter of a retaliation claim and an inadequate-conditions-of-confinement claim.  (*See* Dkt. No. 1, ¶¶ 6-7 [Plf.'s Compl.].)  However, Plaintiff alleges no facts plausibly suggesting a violation of either the First or the Eighth Amendment.  (*Id.*)  For example, with respect to his apparent First Amendment retaliation claim, he alleges no facts plausibly suggesting that, at the time Defendants denied him

---

the requirements of procedural due process.'") (citing *Russell v. Coughlin*, 910 F.2d 75, 78 n.1 [2d Cir. 1990]).

[34]     *Lord,* 695 N.Y.S.2d at 462 ("The consequence of the appeals unit's failure to decide an administrative appeal within four months is that petitioner may deem his administrative remedy exhausted and may immediately seek judicial review of the underlying determination . . . .") [citation omitted]; *accord*, *Graham v. N.Y.S. Div. of Parole*, 702 N.Y.S.2d 708, 709 (N.Y.S. App. Div., 3d Dept., 2000); *New York ex rel. Tyler v. Travis*, 702 N.Y.S.2d 705, 706 (N.Y.S. App. Div., 3d Dept., 2000); *cf. Hall v. N.Y.S. Div. of Parole*, 99-CV-11317, 2000 WL 33952256, at *2, n.1 (S.D.N.Y. Nov. 29, 2000) (recognizing that Appeals Unit's failure to decide prisoner's appeal in timely fashion meant that he could deem administrative remedy to have been exhausted, and thereupon seek judicial review of the underlying determination through an Article 78 proceeding in New York State court).

parole, he was engaging in speech or conduct that was "protected" by the First Amendment.[35]

Nor does he allege any facts plausibly suggesting that Defendants denied him parole *because* of

that protected speech or conduct.  Similarly, with respect to his apparent Eighth Amendment

inadequate-conditions-of-confinement claim, he alleges no facts plausibly suggesting that the

denial of his parole release resulted in deprivation that was *sufficiently serious*.[36]  Nor does he

allege facts plausibly suggesting that Defendants acted with *deliberate indifference* to Plaintiff's

health or safety, which is a mental state akin to criminal recklessness.[37]  Indeed, these claims

---

[35]      To prevail on a First Amendment claim under 42 U.S.C. § 1983, a plaintiff must prove by the preponderance of the evidence that: (1) the speech or conduct at issue was "protected"; (2) the defendants took "adverse action" against the plaintiff–namely, action that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights; and (3) there was a causal connection between the protected speech and the adverse action--in other words, that the protected conduct was a "substantial or motivating factor" in the defendants' decision to take action against the plaintiff.  *Mount Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1977); *Gill*, 389 F.3d at 380 (citing *Dawes v. Walker*, 239 F.3d 489, 492 [2d. Cir. 2001]).

[36]      Generally, to prevail on a claim of inadequate prison conditions, a plaintiff must show two things: (1) that the conditions of his confinement resulted in deprivation that was *sufficiently serious*; and (2) that the defendant acted with *deliberate indifference* to the plaintiff's health or safety.  *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Davidson v. Murray*, 371 F. Supp.2d 361, 370 (W.D.N.Y. 2005).

[37]      *Farmer v. Brennan,* 511 U.S. 825, 827 (1994) ("[S]ubjective recklessness as used in the criminal law is a familiar and workable standard that is consistent with the Cruel and Unusual Punishments Clause as interpreted in our cases, and we adopt it as the test for "deliberate indifference" under the Eighth Amendment."); *Hemmings v. Gorczyk*, 134 F.3d 104, 108 (2d Cir. 1998) ("The required state of mind [for a deliberate indifference claim under the Eighth Amendment], equivalent to criminal recklessness, is that the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists; and he must also draw the inference.") [internal quotation marks and citations omitted]; *Hathaway v. Coughlin*, 99 F.3d 550, 553 (2d Cir. 1996) ("The subjective element requires a state of mind that is the equivalent of criminal recklessness . . . .") [citation omitted]; *accord, Koehl v. Greene*, 06-CV-0478, 2007 WL 2846905, at *17, n. 98 (N.D.N.Y. Sept. 26, 2007) (Kahn, J.), *Richards v. Goord*, 04-CV-1433, 2007 WL 201109, at *15, n.124 (N.D.N.Y. Jan. 23, 2007) (Kahn, J.),

appear to be so without an arguable basis in law or fact that I find them to be frivolous.[38]

For this reason, in the alternative, I recommend that the Court dismiss as frivolous Plaintiff's claims under the First and Eighth Amendments.

## 5. Special Leniency

While the special leniency normally afforded to the pleadings of *pro se* civil rights litigants may somewhat loosen the procedural rules governing pleadings (as the Second Circuit very recently observed),[39] it does not completely relieve a *pro se* plaintiff of the duty to satisfy the requirements set forth in Fed. R. Civ. P. 8(a)(2), 12(b)(1), and 12(b)(6).[40]  Rather, as both the Supreme Court and Second Circuit have repeatedly recognized, the procedural rules in ordinary civil litigation are rules that even *pro se* civil rights plaintiffs must follow.[41]  Stated more plainly,

---

*Salaam v. Adams*, 03-CV-0517, 2006 WL 2827687, at *10, n.59 (N.D.N.Y. Sept. 29, 2006) (Kahn, J.).

[38]     *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

[39]     *Sealed Plaintiff v. Sealed Defendant # 1*, No. 06-1590, 2008 WL 3294864, at *5 (2d Cir. Aug. 12, 2008) ("[The obligation to construe the pleadings of *pro se* litigants liberally] entails, at the very least, a permissive application of the rules governing the form of pleadings.") [internal quotation marks and citation omitted]; *see also Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) ("[R]easonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training . . . should not be impaired by harsh application of technical rules.") [citation omitted].

[40]     *See Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir.1972) (extra liberal pleading standard set forth in *Haines v. Kerner*, 404 U.S. 519 [1972], did not save *pro se* complaint from dismissal for failing to comply with Fed. R. Civ. P. 8]); *accord*, *Shoemaker v. State of Cal.*, 101 F.3d 108 (2d Cir. 1996) (citing *Prezzi v. Schelter*, 469 F.2d 691) [unpublished disposition cited only to acknowledge the continued precedential effect of *Prezzi v. Schelter*, 469 F.2d 691, within the Second Circuit]; *accord*, *Praseuth v. Werbe*, 99 F.3d 402 (2d Cir.1995).

[41]     *See, e.g., McNeil v. U.S.,* 508 U.S. 106, 113 (1993) ("While we have insisted that the pleadings prepared by prisoners who do not have access to counsel be liberally construed . . . we have never suggested that procedural rules in ordinary civil litigation should be interpreted so

when a plaintiff is proceeding *pro se*, "all normal rules of pleading are not absolutely suspended."[42]

For this reason, I find that no amount of special leniency would save Plaintiff's Complaint from dismissal due to the defects described above in Parts II.B.1. through II.B.4. of this Order and Report-Recommendation.

### 6. Dismissal Without Opportunity to Amend

Finally, I must make a related point about special leniency. It is true that, out of special leniency to *pro se* civil rights litigants, *generally* a district court "should not dismiss [their complaint] without granting leave to amend at least once when a liberal reading of the complaint

---

as to excuse mistakes by those who proceed without counsel."); *Faretta v. California*, 422 U.S. 806, 834, n.46 (1975) ("The right of self-representation is not a license . . . not to comply with relevant rules of procedural and substantive law."); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (*pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983) (*pro se* status "does not excuse a party from compliance with relevant rules of procedural and substantive law") [citation omitted]; *cf. Phillips v. Girdich*, 408 F.3d 124, 128, 130 (2d Cir. 2005) (acknowledging that *pro se* plaintiff's complaint could be dismissed for failing to comply with Rules 8 and 10 if his mistakes either "undermine the purpose of notice pleading []or prejudice the adverse party").

[42]     *Stinson v. Sheriff's Dep't of Sullivan Cty.*, 499 F. Supp. 259, 262 & n.9 (S.D.N.Y. 1980); *accord, Standley v. Dennison*, 05-CV-1033, 2007 WL 2406909, at *6, n.27 (N.D.N.Y. Aug. 21, 2007) (Sharpe, J., adopting report-recommendation of Lowe, M.J.); *Muniz v. Goord*, 04-CV-0479, 2007 WL 2027912, at *2 (N.D.Y.Y. July 11, 2007) (McAvoy, J., adopting report-recommendation of Lowe, M.J.); *DiProjetto v. Morris Protective Serv.,* 489 F. Supp.2d 305, 307 (W.D.N.Y. 2007); *Cosby v. City of White Plains*, 04-CV-5829, 2007 WL 853203, at *3 (S.D.N.Y. Feb. 9, 2007); *Lopez v. Wright*, 05-CV-1568, 2007 WL 388919, at *3, n.11 (N.D.N.Y. Jan. 31, 2007) (Mordue, C.J., adopting report-recommendation of Lowe, M.J.); *Richards v. Goord*, 04-CV-1433, 2007 WL 201109, at *5 (N.D.N.Y. Jan. 23, 2007) (Kahn, J., adopting report-recommendation of Lowe, M.J.); *Ariola v. Onondaga County Sheriff's Dept.*, 04-CV-1262, 2007 WL 119453, at *2, n.13 (N.D.N.Y. Jan. 10, 2007) (Hurd, J., adopting report-recommendation of Lowe, M.J.); *Collins v. Fed. Bur. of Prisons*, 05-CV-0904, 2007 WL 37404, at *4 (N.D.N.Y. Jan. 4, 2007) (Kahn, J., adopting report-recommendation of Lowe, M.J.).

gives any indication that a valid claim might be stated."[43]   However, such an opportunity to

amend is not required where "the problem with [plaintiff's] causes of action is substantive" (such

that "[b]etter pleading will not cure it") and thus repleading would be futile.[44]

Here, I find that the defects described above in Parts II.B.1. and II.B.2. are substantive in

nature and not merely formal.[45]   For this reason, I recommend that Plaintiff's Complaint be

dismissed without first affording him an opportunity to amend.

---

[43]        *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) [internal quotation and
citation omitted]; *see also* Fed. R. Civ. P. 15(a) (leave to amend "shall be freely given when
justice so requires").

[44]        *Cuoco*, 222 F.3d at 112 (finding that repleading would be futile) [citation
omitted]; *see also Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of
course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint
should be dismissed with prejudice.") (affirming, in part, dismissal of claim with prejudice)
[citation omitted].

[45]        *Sundwall v. Leuba*, 00-CV-1309, 2001 WL 58834, at *11 (D. Conn. Jan. 23,
2001) (denying *pro se* plaintiff opportunity to amend before dismissing his complaint arising
under 42 U.S.C. § 1983 because the error in his complaint–the fact that the defendants were
protected from liability by Eleventh Amendment immunity–was substantive and not formal in
nature, rendering repleading futile); *Thabault v. Sorrell*, 07-CV-0166, 2008 WL 3582743, at *2
(D. Vt. Aug. 13, 2008) (denying *pro se* plaintiff opportunity to amend before dismissing his
complaint because the errors in his complaint–lack of subject-matter jurisdiction and lack of
standing–were substantive and not formal in nature, rendering repleading futile) [citations
omitted]; *see also Rhodes v. Hoy*, 05-CV-0836, 2007 WL 1343649, at *3, 7 (N.D.N.Y. May 5,
2007) (Scullin, J., adopting Report-Recommendation of Peebles, M.J.) (denying *pro se* plaintiff
opportunity to amend before dismissing his complaint because the error in his complaint–the fact
that plaintiff enjoyed no constitutional right of access to DOCS' established grievance
process–was substantive and not formal in nature, rendering repleading futile); *Hylton v. All
Island Cob Co.*, 05-CV-2355, 2005 WL 1541049, at *2 (E.D.N.Y. June 29, 2005) (denying *pro
se* plaintiff opportunity to amend before dismissing his complaint arising under 42 U.S.C. § 1983
because the errors in his complaint–which included the fact that plaintiff alleged no violation of
either the Constitution or laws of the United States, but only negligence–were substantive and not
formal in nature, rendering repleading futile).

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is

**GRANTED**; and it is further

**RECOMMENDED** that the Court issue an Order *sua sponte* **DISMISSING** Plaintiff's

Complaint (Dkt. No. 1), pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A, and Fed. R. Civ. P.

12(h)(3) for failure to states a claim upon which relief might be granted and lack of subject-

matter jurisdiction.

**BE ADVISED that any objections to this Report-Recommendation must be filed**

**with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3)**

**CALENDAR DAYS from the date of this Report-Recommendation**. *See* 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72(b); N.D.N.Y.L.R. 72.1(c); Fed. R. Civ. P. 6(a)(2), (d).

**BE ALSO ADVISED that the failure to file timely objections to this Report-**

**Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of**

**judgment that will be entered**. *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small*

*v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

Dated: September 30, 2008
         Syracuse, New York


George H. Lowe
United States Magistrate Judge

21